# TIFFANY & BOSCO
### P.A.

**SEVENTH FLOOR CAMELBACK ESPLANADE II**
**2525 E. CAMELBACK ROAD**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
ljm@tblaw.com
Attorneys for Secured Creditor
18-00884

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 4:18-bk-04415-SHG |
| Mary Caroline Orwig akak Marcy Orwig aka Marcy Cerveny-Orwig | Chapter 11 |
| Debtors. | |
| Gary T. Haydon, Trustee of the Gary T. Haydon Family Revocable | **OBJECTION TO DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY** |
| Secured Creditor, | |
| vs. | |
| Mary Caroline Orwig akak Marcy Orwig aka Marcy Cerveny-Orwig, Debtor; Renee Sandler Shamblin, U.S. Trustee. | |
| Respondents. | |

Gary T. Haydon, Trustee of the Gary T. Haydon Family Revocable, a secured creditor (the "Secured Creditor"), by its attorneys, TIFFANY & BOSCO, P.A., hereby objects to the Motion to Extend the Automatic Stay filed by the Debtor on the grounds that the Debtor has not met her burden of showing this

case is filed in good faith as is required under Section 362(c)(3)(C) of the Code and subject to U.S.C. § 362(c)(3)(A).

**MEMORANDUM OF POINTS OF AUTHORITIES**

## I.  BACKGROUND

Mary C. Orwig ("Debtor"), represented by Lawrence Pew, filed a voluntary petition for protection under Chapter 13 of the Bankruptcy Code on February 21, 2018 (4:18-bk-01604-SHG, the "Prior Case"). Dianne C. Kerns was appointed Trustee of the bankruptcy. An order granting a motion to extend the time to file schedules and statements was entered on March 11, 2018. The case was dismissed on March 22, 2018 for failure to file Schedules and Statement (Fed. R. Bankr. P. 1007), a Chapter 13 plan (Fed. R. Bankr. P. 3015), Statement of Currently Monthly Income (Fed. R. Bankr. P. 1007) and Declaration of Evidence of Employer's Payments (Local Bankruptcy Rule 1007−1). The case has not yet terminated.

The Debtor, represented by Kelly G. Black, filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code on April 24, 2018. An order granting the Debtor's motion to extend time to file schedules and statements was signed on May 9, 2018. The schedules and statements were due by May 15, 2018, however, the Debtor has filed a second motion to extend the time to file schedules and statements on May 15, 2018 and this motion was granted May 17, 2018.

On May 4, 2018, the Debtor filed a *Motion to Continue the Section 362(a) Stay pursuant to Section 362(c)(3)* and a *Declaration in Support of the Motion* concurrently.

Mary C. Orwig and non-filing co-borrower Steve Orwig have certain real property, 2440 East Sherry Lane, San Tan Valley, AZ 85140 located in Pinal County, Arizona, more particularly described as:

That portion of Parcel 8, of SUN VALLEY FARMS UNIT VII, as shown on Survey recorded In Book 1 of Surveys, Page 129, Pinal County Records, and situated in the South half of Section 21, Township 2 South, Range 8 East of the Gila and Salt River Base and Meridian, Pinal County, Arizona, described as follows:

BEGINNING at the Southwest corner of said Parcel 8;

Thence North 00 degrees 00 minutes 25 seconds West, along the Westerly line of said Parcel 8, a distance of 673.49 feet to a point from which the Northwest corner of said Parcel 8 bears North 00 degrees 00 minutes 25 seconds West, 1244.30 feet;

Thence South 89 degrees 56 minutes 03 seconds East, a distance of 850.00 feet to a point on the Easterly line of said Parcel 8, and from which the Northeast corner of said Parcel 8 bears North 00 degrees 00 minutes 25 seconds West, 1248.76 feet;

Thence South 00 degrees 00 minutes 25 seconds East, a distance of 673.41 feet to the southeast corner of said Parcel 8;

Thence along the South line of said Parcel 8, North 89 degrees 56 minutes 30 seconds West, a distance of 77.38 feet;

Thence continuing along said South line, North 89 degrees 56 minutes 22 seconds West, a distance of 772.62 feet to the POINT OF BEGINNING.

Mary C. Orwig and Steve Orwig executed a Note secured by a Deed of Trust, dated October 24, 2012, recorded in the office of the Pinal County Recorder's Office. True copies of the Note and Deed of Trust are annexed as Exhibits "A" and "B", respectively, and made a part hereof by this reference.

By virtue of the Note and Deed of Trust, the creditor has a secured interest in the property described herein and a secured claim against Debtor.

Per the terms of the Note, the Maturity Date of the loan was December 1, 2017, when all accrued and unpaid principal and all accrued and unpaid interest and any other penalties and fees were due and payable to the Secured Creditor.

II.    **LEGAL ARGUMENT**

1.    **The Automatic Stay terminates with respect to the Debtor on the 30th day after the filing of the later case Pursuant to § 362 (c)(3)(A)**

Under BAPCPA, the automatic stay no longer applies uniformly to all debtors. The duration of the automatic stay for debtors who have had a pending case dismissed within the 1-year preceding the most recent bankruptcy case. Specifically, this section provides:

> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)

> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case...

The background of the proceedings are not in dispute. The Debtor filed the prior Chapter 13 case on February 21, 2018. The prior case dismissed on March 22, 2018 for failure to file Schedules and Statements, the Chapter 13 Plan and the Declaration of Evidence of Employer's Payments. The current case was filed on April 25, 2018 and accordingly, if the Motion to Extend the Automatic Stay is not granted, the Stay is effectively terminated May 25, 2018.

    2.  **The Movant has not met the burden of proof establishing the minimum requirements and conditions pursuant § 362(c)(3)(B) and § 362(c)(3)(B);**

The Movant bears the burden of proof of establishing the minimum requirements pursuant to §362(c)(3)(B), have been met and upon meeting the minimum requirements the Court may continue the stay "subject to such conditions or limitations as the court may then impose." §362(c)(3)(B). The case is presumptively filed not in good faith, pursuant to §362(c)(3)(C):

> (i) as to all creditors, if—
>> (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;
>
>> (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to—
>>> (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
>>>
>>> (bb) provide adequate protection as ordered by the court; or
>>>
>>> (cc) perform the terms of a plan confirmed by the court; or
>
>> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded—
>>> (aa) if a case under chapter 7, with a discharge; or
>>>
>>> (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

The Debtor state the presumption does not arise under Subsection 362(c)(3)(C)(i)(II), providing that the Chapter 13 case itself would have served no purpose since the Debtor was ineligible for the Chapter in which the case was filed. Due to an overall lack of information provided by the Debtor, in consideration of the fact that no substantial schedules or statements were filed in the Prior Case, nor the current case, the previous case only allows for the observation that the Debtor indicated on February 21,

2018, upon filing of the "Official Form 101: Voluntary Petition for Individuals Filing for Bankruptcy" (Docket Entry #1, 4:18-bk-01604-SHG) a summary of creditors, assets and liabilities. The Debtor discloses to the Court, under penalty of perjury, that the information contained is true and correct. The summary as indicated in Part 6:

> *18. How many creditors do you estimate you owe?* ***Answer: 1-49***
> *19. How much do you estimate your assets to be worth?* ***Answer: $0 - $50,000***
> *20. How much do you estimate your liabilities to be?* ***Answer: $50,0001-$100,000***

The Debtor contends that no negligence or inadvertence took place and if it was to be determined that such negligence or inadvertence took place, it would be the fault of the Debtor's previous counsel. It can be deduced and within reason that this document was filed as a "skeletal petition". The Debtor, at a minimum at the time this Form was filed, has the responsibility to review a total of 14 (fourteen) pages containing a summary of the information to be filed with the Court on their behalf. Section 521 of the current Bankruptcy Code outlines a non-exhaustive list of the debtor's duties in a bankruptcy case. Foremost for our purposes, the debtor is required to "file a ... schedule of assets and liabilities ... and a statement of the debtor's financial affairs...." 11 U.S.C. § 521(1) (1978).

A fact obvious to the Secured Creditor, the Debtors are due and owing to the Secured Creditor in the estimated payoff amount of $792,942.97. A Notice of Trustee's Sale was recorded on November 22, 2017, annexed as Exhibit "C", respectively, and made a part hereof by this reference indicates that the trustee was to take place February 23, 2018 at 11:00 a.m. The Debtor's Prior Case was filed on February 21, 2018. The acknowledgment of the Debtor's liability (at least, with respect to the Deed of Trust) is strongly revealed by the act of having filed a "skeletal petition" and by the timing of the filing. The omission of the liability owed this Secured Creditor, at a minimum, would have been most apparent, considering foreclosure prevention was, by all appearances, the primary purpose behind the urgency of filing the "skeletal petition". The inattention paid to the Form in which the Debtor need only summarize to

the Court their creditors, assets and liabilities, does not exclusively reside with the Debtor's previous counsel.

*In Re Jackson*, Bankr. Court, SD Texas 2012, the Debtor had contended that "his failure to disclose was inadvertent because his bankruptcy attorney failed to properly counsel him….about the important of complete and accurate disclosure in his Schedules" however, the argument contradicted Supreme Court precedent: "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent is considered to have `notice of all facts, notice of which can be charged upon the attorney." *In re Coastal Plains, Inc.,* 179 F. 3d 197 - Court of Appeals, 5th Circuit 1999 further agree "it is very important that a debtor's bankruptcy schedules and statement of affairs be as accurate as possible, because that is the initial information upon which all creditors rely."

The Debtor had a narrow responsibility in providing information to the Court in the previous case. The obligations in a Chapter 11 far exceed that of a "skeletal petition" filed by the Debtor in the Prior Case. Even in the very limited information provided to the Court in the Prior Case, the inadvertence was present. This case may very well prove unmanageable and the Secured Creditor is compulsory in standing in the wings awaiting the successful confirmation of a case that may never fully transpire.

Notwithstanding the lack of information indicated in the Prior Case, the process of filing bankruptcy proceeding does not necessarily begin with filing of the petition itself. The Debtor contends that, although she endeavored to comply with the requirements of her filing in the Prior Case, the case was dismissed before she was able to find satisfactory counsel.

Pursuant to §109(e) of the code provides:

> (e)  Only an individual with regular income that owes, on the date of the filing of the
> petition, noncontingent, liquidated, unsecured debts of less than $250,000 and

noncontingent, liquidated, secured debts of less than $750,000, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $250,000 and noncontingent, liquidated, secured debts of less than $750,000 may be a debtor under chapter 13 of this title.

The former counsel in the Prior Case was inadvertently misinformed by omission from the commencement of their representation as to the Debtor's creditors, assets and liabilities prior to the filing. The omission prior to filing even the meager "skeletal" would the result would have been an ill-fated determination of the inappropriate Chapter. However, as the immediacy behind the Prior Case's bankruptcy filing was so timely filed in order to avoid a foreclosure sale associated with this Secured Creditor's claim (estimated in the amount of $792,942.97), it would be negligent on the Debtor's part to not inform prior Counsel of the amount estimated debt associated with her primary residence.

The Debtor further determines that the presumption does not arise under subsection 362(c)(3)(C)(i)(III) and (III)(bb) because "there is reason to conclude that the later case will be concluded… with a confirmed plan that will be fully performed." However, similarly to the Prior case, the Debtor has filed for an extension to file the required schedules on this current case. The Secured Creditor has little to no information to either refute such a claim nor has the Debtor presented evidence to substantiate such a claim. The *Declaration in Support of the Motion to Extend the Automatic Stay* filed concurrently with the Motion contains a statement of preference to a Chapter 11 of Reorganization in lieu of a Chapter 7 liquidation. The basis for which the Debtor believes their success in executing the Chapter 11 proceeding successfully rests within the Debtor's equity interests in real property located in Arizona ($340,000.00) and property located in North Dakota ($375,000.00).

The Debtor's claim of equity in the real property located in Arizona (the property for which the Secured Creditor holds the first Deed of Trust) has an estimated payoff (from March 30, 2018) of $792,942.97. The subject property has three subordinate Homeowner's Association liens recorded against

the property by Sun Valley Farms Property Owner's totaling $12,892.63. The total estimated liens against the property to date total $805,835.60. Without a proper appraisal conducted on the property, no determination can be made on the equity available in this real property at this time. Once again, the Debtor's lack of disclosure to date does not provide the Secured Creditor a reasonable ability to evaluate the Debtor's current financial circumstances. A First and Second Motion for Extension of Time to File Schedules and Statements has been filed on this pending case before the Court while a Motion to Extend the Stay is currently pending concurrently. Without any filed Schedules and Statements on either the previous or current proceeding, the Secured Creditor is unable to make any determination or refute (in full) any assertions that adequate protection would be available to the Secured Creditor.

The Debtor contends they have rebutted any presumption arising under Subsection 362(c)(3)(C), yet, given an abundant lack of information, any determination this Chapter 11 plan would be confirmed and executed to completion would be tenuous and groundless.

## III. CONCLUSION

Debtor has not met her burden of showing this case is filed in good faith as is required under Section 362(c)(3)(C) of the Code and subject to U.S.C. § 362(c)(3)(A).

The Debtor concludes that this inadvertency rests with previous counsel. The Debtor's emergency filing and the timing of such filing of the previous case indicated acknowledgment of the Secured Creditor's claim, however, inadvertently failed to disclose the debtor amount, even in summary, on her previous case.

The Debtor has still yet to file any disclosure, plan, schedules or statements with the court in order for the Secured Creditor to review the possibility of any adequate protection. The Debtor has failed to meet the burden of showing this case was filed in good faith as required and the Debtor has provided no asset or

income information to the Court to allow the Secured Creditor to make an assessment as to adequate protection claimed in her Motion.

The Secured Creditor requests the Debtor's Motion be denied and allow for the Stay to effectively terminate on May 25, 2018.

DATED this 17th day of May, 2018.

Respectfully submitted,

TIFFANY & BOSCO, P.A.

BY   /s/ LJM #014228
         Mark S. Bosco
         Leonard J. McDonald
         Attorneys for Secured Creditor

COPY of the foregoing mailed
May 17, 2018 to:

Mary Caroline Orwig akak Marcy Orwig aka Marcy Cerveny-Orwig
2240 E. Sherry Ln.
San Tan Valley, AZ  85140
Debtors

Steve Orwig
2440 East Sherry Lane
San Tan Valley, AZ 85140

Kelly G. Black, PLC
1152 E. Greenway St.
Suite 4
Mesa, AZ 85203-4360
Attorney for Debtor

Renee Sandler Shamblin
Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, AZ  85003

By: Ariel Motz

# TIFFANY & BOSCO
## P.A.

**SEVENTH FLOOR CAMELBACK ESPLANADE II**
**2525 EAST CAMELBACK ROAD**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant
ljm@tblaw.com
18-00884

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

Mary Orwig aka Marcy Orwig aka Marcy Cerveny-Orwig

Debtor.

No. 4:18-bk-04415-SHG

Chapter 11

CERTIFICATE OF SERVICE

   I, Leonard J. McDonald, certify:

   That on 17th day of May, 2018, I caused to be mailed a copy of the OBJECTION, in reference to the above captioned matter, by U.S. Mail, postage prepaid, to the following interested parties:

Mary Caroline Orwig akak Marcy Orwig aka Marcy Cerveny-Orwig
2240 E. Sherry Ln.
San Tan Valley, AZ 85140
Debtors

Steve Orwig
2440 E 2440 East Sherry Lane
San Tan Valley, AZ 85140

Kelly G. Black, PLC
1152 E. Greenway St., Suite 4
Mesa, AZ 85203-4360
Attorney for Debtor

Renee Sandler Shamblin
Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, AZ  85003

      DATED this 17th day of May, 2018.

                                                Respectfully submitted,

                                                TIFFANY & BOSCO, P.A.

                                                BY  /s/ LJM #014228
                                                    Mark S. Bosco
                                                    Leonard J. McDonald
                                                  Attorneys for Movant